AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By:     EMILY S. DEININGER
        SHEB SWETT
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        (212) 637-2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                Plaintiff,                          :
                                                    :
        -v.-                                         :
                                                    :
$601,869.18 IN UNITED STATES CURRENCY               :        VERIFIED CIVIL COMPLAINT
FORMERLY ON DEPOSIT IN WELLS FARGO                  :        FOR FORFEITURE
BANK, N.A., ACCOUNT NUMBER                          :
6250628085, HELD IN THE NAME OF FIRST               :        21 Civ. _____
FINANCIAL INVESTMENT GROUPS, LLC,                   :
                                                    :
                Defendant-*in-rem.*                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff United States of America, by its attorney, Audrey Strauss, United States

Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon

information and belief, as follows:

## I.   JURISDICTION AND VENUE

        1.      This action is brought pursuant to Title 18, United States Code, Section

981(a)(1)(A) and Title 21, United States Code, Section 881, by the United States of America

1

seeking the forfeiture of $601,869.18 in United States currency formerly on deposit in Wells Fargo Bank, N.A., account number 6250628085, held in the name of First Financial Investment Group, LLC (the "Defendant-*in-rem*").

2. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A), which provides that a forfeiture action may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and pursuant to Section 1395(b) and (c) of the same title, which provides that a civil forfeiture proceeding for the forfeiture of property may be brought "in any district where such property is found" or "any district into which the property is brought."

4. Agents of the United States Drug Enforcement Administration ("DEA") seized the Defendant-*in-rem* on or about October 1, 2020 pursuant to a seizure warrant issued by the United States District Court for the Southern District of New York during the DEA's investigation of a money laundering operation organized to launder proceeds from the sale of narcotics.

5. As set forth below, there is probable cause to believe that the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering) and 1957 (monetary transactions involving property of specified unlawful activity), or property traceable thereto, and pursuant to Title 28, United States Code, Section 881 as moneys furnished in exchange for a controlled substance, or proceeds traceable to such an

exchange, or moneys used or intended to be used to facilitate a violation of Subchapter 1 of Title 21, United States Code, Chapter 13 on Drug Abuse Prevention and Control.

## II.   THE MONEY LAUNDERING INVESTIGATION

### CS-1 and the Seized Account

6.      In or around 2018 the DEA began investigating a group of narcotics traffickers and money launderers who operate in New York City, Mexico and elsewhere (the "Investigation").

7.      During the course of the Investigation, the DEA identified an individual who had laundered narcotics proceeds in New York City on behalf of money-laundering brokers located in Mexico ("Confidential Source-1" or "CS-1"). In or about September 2019, DEA agents approached CS-1, and CS-1 subsequently agreed to cooperate with law enforcement.

8.      First Financial Investment Group, LLC ("FFIG") is a California limited liability corporation formed in 2015 which operates as a real estate holding company.

9.      FFIG used Wells Fargo Bank, N.A., account number 6250628085 from which the Defendant-*in-rem* was seized (the "Seized Account"), together with another Wells Fargo Bank account ("Account-1"), as business accounts.

### The June 4 Cash

10.      On or about June 1, 2020, an individual based in Mexico ("Individual-1") contacted CS-1 with the request to pick up approximately $180,000 in United States currency in the Chicago, Illinois area.   Acting at the direction of the DEA, CS-1 agreed to pick up the proceeds and provided Individual-1 with the phone number of a DEA undercover office (the "UC").

3

11.     On or about June 4, 2020, the UC met with the male driver of a silver Ford Fusion ("Courier-1") at a predetermined location in Rosemond, Illinois. Courier-1 provided the UC with a black bag of cash, which was later determined to contain approximately $143,090 in United States currency (the "June 4 Cash").

12.     The UC then transported the black bag of cash to a nearby location, where the UC met other law enforcement agents. A canine trained to alert to the smell of narcotics alerted at the black bag containing the June 4 Cash.

13.     On or about June 5, 2020, CS-1 contacted Individual-1 and informed Individual-1 that the pick-up was complete. Individual-1 instructed CS-1 to wire $142,000 of the June 4 Cash to Account-1.

14.     On or about June 5, 2020, law enforcement agents involved in the Investigation wired $142,000 of the June 4 Cash to Account-1.

15.     On or about June 5, 2020, Account-1 also received a $160,000 wire transfer from a limited liability company ("Company-1"). Law enforcement has not identified any real estate business conducted by Company-1 or any legitimate business purpose for this transfer.

16.     On or about June 5, 2020, $300,000 was transferred from Account-1 to the Seized Account.

The June 10 Cash

17.     On or about June 9, 2020, CS-1 was contacted by another individual ("Individual-2") with a request that CS-1 collect approximately $200,000 in United States currency in Queens, New York. At the direction of the DEA, CS-1 agreed to pick up the

4

proceeds on or about June 10, 2020 at a residence in Queens (the "Individual-2 Residence").

18.     On or about June 10, 2020, law enforcement conducted physical surveillance in the vicinity of the Individual-2 Residence and observed a black Toyota Sienna double park in the street near the Individual-2 Residence. Law enforcement observed Individual-2 exit the Individual-2 Residence, retrieve a cardboard box from the driver of the Toyota Sienna (the "Driver"), and re-enter the Individual-2 Residence. Law enforcement continued surveillance of the Individual-2 Residence and observed Individual-2 shortly thereafter hand CS-1 the same cardboard box. The same cardboard box was later determined to contain approximately $202,400 in United States currency (the "June 10 Cash").

19.     On or about June 10, 2020, Individual-2 contacted CS-1 and instructed CS-1 to wire $200,000 of the June 10 Cash to Account-1.

20.     On or about June 11, 2020, law enforcement agents involved in the Investigation wired $200,000 of the June 10 Cash to Account-1.

21.     On or about June 11, 2020, $200,000 was transferred from Account-1 to the Seized Account.

<u>Other Wire Transfers</u>

22.     Between in or around June 9, 2020 and August 31, 2020, Account-1 received eleven wire transfers totaling approximately $1,750,000 from a company that purports to be involved in the shipping and freight business ("Company-2"). On most occasions, the funds were transferred from Account-1 to the Seized Account shortly after they were received by Account-1. For example:

i.      On or about June 9, 2020, Company-2 sent $200,000 to

Account-1. That same day, $200,000 was transferred from Account-1 to the Seized Account.

        ii.      On or about July 20, 2020, Company-2 sent $100,000 to

Account-1. That same day, $100,000 was transferred from Account-1 to the Seized Account.

        iii.      On or about August 27, 2020, Company-2 sent $200,000 to

Account-1. That same day, $200,000 was transferred from Account-1 to the Seized Account.

The Investigation has not revealed any legitimate business purpose for these transfers.

### III.  CLAIMS FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

23.     Paragraphs 1 through 22 of this Complaint are repeated and re-alleged as if fully set forth herein.

24.     By reason of the foregoing the Defendant in Rem is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A).

25.     Title 18, United States Code, Section 981(a)(1)(A) subjects to civil forfeiture:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of 1956, 1957 or 1960 of this title, or any property traceable to such property.

26.     Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) impose a criminal penalty on any person who:

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity –

. . .

    (A)(i)  with the intent to promote the carrying on of
           specified unlawful activity;

. . .

    (B)    knowing that the transaction is designed in whole or
          in part –

          (i)  to conceal or disguise the nature, the
          location, the source, the ownership, or the
          control of the proceeds of specified unlawful
          activity[.]

27.    For purposes of Section 1956, "specified unlawful activity," defined in Title 18, United States Code, Section 1956(c)(7), includes, among other things, racketeering activity as defined in Title 18, United States Code, Section 1961(1). Section 1961(1), in turn, defines racketeering activity to include "felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in**
**Violation of 18 U.S.C. § 1957 or Property Traceable to Such Property)**

28.    Paragraphs 1 through 22 of this Complaint are repeated and re-alleged as if fully set forth herein.

29.    Pursuant to Title 18, United States Code, Section 981(a)(1)(A) any property, real or personal, involved in a transaction or attempted transaction in violation Title 18, United States Code, Section 1957, or any property traceable to such property, is subject to forfeiture to the United States.

7

30.    Title 18, United States Code, Section 1957 imposes a criminal penalty on any person who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." Section 1957(f)(1) defines monetary transaction to include the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds . . . ."

31.    As set forth above, pursuant to Title 18, United States Code, Sections 1956(c)(7), 1957(f)(3), and 1961(1), felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance is a specified unlawful activity for the purposes of Section 1957. See ¶¶ 24-27, supra.

**Forfeiture Under 21 U.S.C. § 881**
**(Moneys Furnished in Exchange for a Controlled Substance or Proceeds Traceable to Such an Exchange or Moneys Used to Facilitate Violation of Subchapter 1 of 21 U.S.C. Chapter 13)**

32.    Paragraphs 1 through 22 of this Complaint are repeated and re-alleged as if fully set forth herein.

33.    Title 21, United States Code, Section 881(a)(6) subjects to forfeiture:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.
> .

34.    By reason of the foregoing the Defendant *in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) as (i) property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1956, or property traceable to such property, or

8

(ii) property involved in a monetary transaction in criminally derived property, in violation of

Title 18, United States Code, Section 1957, or property traceable to such property, or (iii)

moneys furnished in exchange for a controlled substance, or proceeds traceable to such an

exchange, or moneys used or intended to be used to facilitate a violation of Subchapter 1 of Title

21, United States Code, Chapter 13 on Drug Abuse Prevention and Control.

       WHEREFORE, plaintiff United States of America prays that process issue to

enforce the forfeiture of the Defendant *in-rem* and that all persons having an interest in the

Defendant *in-rem* cited to appear and show cause why the forfeiture should not be decreed, and

that this Court decree forfeiture of the Defendant *in-rem* to the United States of America for

disposition according to law, and that this Court grant plaintiff such further relief as this Court

may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
     February __, 2021

                      AUDREY STRAUSS
                      United States Attorney for the
                      Southern District of New York
                      Attorney for the Plaintiff
                      United States of America

By:   _____
                      EMILY DEININGER
                      SHEB SWETT
                      Assistant United States Attorney
                      One St. Andrew's Plaza
                      New York, New York 10007
                      Telephone: (212) 637-2472

9

## VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK        :
SOUTHERN DISTRICT OF NEW YORK  )

           ZACHARY SAVVIDES, pursuant to Title 28, United States Code,

Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the

Drug Enforcement Administration; that he has read the foregoing Verified Complaint and

knows the contents thereof; that the same is true to the best of his knowledge, information

and belief; and that the sources of his information and the grounds of his belief are his

personal involvement in the investigation, and conversations with and documents

prepared by law enforcement officers and others.

                                   ZACHARY SAVVIDES
                                   Special Agent
                                   Drug Enforcement Administration

Executed on this 22nd day
of February, 2021